JUDGE DANIELS

**07 CV 2529**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PHILBERT GORRICK,

    Plaintiff,

- against -

NEW YORK CITY TRANSIT
AUTHORITY,

    Defendant.

-----------------------------------------------------------X

07 Civ.

MAR 27 2007

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY IN
THIS ACTION

    Plaintiff Philbert Gorrick ("Gorrick"), by his attorneys, Schwartz, Lichten & Bright, P.C., complains of defendant New York City Transit Authority ("TA"), as follows:

### JURISDICTION AND VENUE

    1. This is an action brought to remedy discrimination in employment on the basis of disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"); the New York State Human Rights Law, Executive Law § 290 et seq. ("Human Rights Law"); and the Administrative Code of the City of New York, § 8-101 et seq. ("Administrative Code").

    2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1367, and 42 U.S.C. § 12117(a).

    3. Declaratory and injunctive relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 12117(a). Compensatory damages are sought pursuant to 42

U.S.C. § 1981a; Executive Law § 297(9); and Administrative Code, § 8-502(a). Punitive damages are sought pursuant to 42 U.S.C. § 1981a and Administrative Code, § 8-502(a).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. § 12117(a) and Administrative Code, § 8-502(f).

5. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices occurred within this judicial district.

6. Plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 10, 2006. The United States Department of Justice, on March 22, 2007, issued plaintiff a notice informing him of his right to sue defendant. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADA.

## PARTIES

7. Gorrick has been employed by the TA since July 1991. His initial position was Power Cable Maintainer Helper, followed by Light Maintainer. In 1993, the TA promoted Gorrick to Power Cable Maintainer. He was most recently assigned to the 100 Locust Avenue maintenance center in the Bronx, New York.

8. Defendant is a public authority created under the laws of the State of New York to operate the New York City subway and bus system.

## FACTS

9. For several decades, Gorrick has been diagnosed with severe venous stasis disease, with stasis dermatitis and recurrent ulcers in the ankle region. Due to this disability, Gorrick occasionally has difficulty standing and walking, but he always has been able to perform the essential functions of a Power Cable Maintainer.

10. On October 9, 2000, the TA suspended Gorrick because he was not wearing a certain type of boot. Gorrick was wearing the same type of boot he had worn since he first started working as a Power Cable Maintainer Helper in 1991.

11. Gorrick was unable to wear the boot newly required by the TA because of his disability, but Gorrick could perform the essential functions of his job without wearing that boot.

12. Over the next six years, Gorrick, his union, Transport Workers Union of America, Local 100, AFL-CIO, and the TA, attempted to arrive at a reasonable accommodation in various forums, including numerous grievance hearings; nine days of arbitration over four years; and many medical examinations.

13. On August 16, 2006, the TA reached its final medical determination that Gorrick was physically unable to perform the duties of a Power Cable Maintainer, due to his inability to wear the boot required for the first time in October 2000.

## FIRST CAUSE OF ACTION

14. The TA has not allowed Gorrick to return to his position as Power Cable Maintainer because Gorrick has a physical impairment that substantially limits at least two of Gorrick's major

life activities, standing and walking. Defendant therefore discriminated against plaintiff because of his disability. By its acts and practies described above, defendant has violated the ADA.

15. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer injury unless and until this Court grants relief. Defendant engaged in these discriminatory practices with malice and with reckless indifference to plaintiff's rights protected under federal law.

## SECOND CAUSE OF ACTION

16. By its acts and practices described above, defendant has violated the Human Rights Law.

17. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

## THIRD CAUSE OF ACTION

18. By its acts and practices described above, defendant has violated the Administrative Code.

19. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

## ON THE FIRST CAUSE OF ACTION

(a) declaring that the acts and practices complained of herein are in violation of the ADA;

(b) enjoining and permanently restraining these violations of the ADA;

(c) directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d) directing defendant to place plaintiff in the position he would have continued to occupy but for defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for defendant's discriminatory treatment, including but not limited to wages, bonuses, pensions, and other lost benefits;

(e) directing defendant to pay plaintiff compensatory and punitive damages and damages for his mental anguish and humiliation;

(f) awarding plaintiff reasonable attorney's fees and the costs of this action;

(g) granting such other and further relief as this Court deems just and proper;

## ON THE SECOND CAUSE OF ACTION

(h) awarding compensatory damages in an amount not yet ascertained;

## ON THE THIRD CAUSE OF ACTION

(i) awarding compensatory and punitive damages in an amount not yet ascertained; and

(j) awarding plaintiff reasonable attorney's fees and costs of this action;

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all of the causes of action herein.

Dated: New York, New York
       March 26, 2007

SCHWARTZ, LICHTEN & BRIGHT, P.C.

_____
By: Stuart Lichten (SL-1258)
Attorneys for Plaintiff
113 University Place - 11th Floor
New York, New York  10003
(212) 228-6320